UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

ANDRE DOLBERRY,

               9:11-CV-1018
               (DNH/DEP)
       Plaintiff,

   -v-

CORRECTION OFFICER JAKOB, et al.,

       Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

APPEARANCES:            OF COUNSEL:

ANDRE DOLBERRY, Pro Se
14-A-1111
Franklin Correctional Facility
P.O. Box 10
Malone, NY 12953

HON. ERIC T. SCHNEIDERMAN      DENISE P. BUCKLEY, ESQ.
New York State Attorney General       Ass't Attorney General
Attorney for Defendants
The Capitol
Albany, NY12224

DAVID N. HURD
United States District Judge

## DECISION and ORDER

     Pro se plaintiff Andre Dolberry, who is also sometimes known as Andre Duberry,

brought this action pursuant to 42 U.S.C. § 1983. On February 28, 2014, the Honorable

David E. Peebles, United States Magistrate Judge, advised by Report-Recommendation that

plaintiff's motion for summary judgment be denied, and that plaintiff's complaint in this action

be dismissed based upon his material misrepresentation to the court, under oath, that he has

not brought any prior actions relating to his imprisonment. See ECF No. 54. Plaintiff timely filed objections to the Report-Recommendation. See ECF No. 55. The Report-Recommendation was adopted in all respects. See ECF No. 56. Plaintiff timely appealed. See ECF Nos. 58, 60.

Upon review, the Second Circuit focused solely upon the sua sponte dismissal of plaintiff's complaint pursuant to Federal Rule of Civil Procedure 11, and remanded for further proceedings. See ECF 89. The denial of plaintiff's motion for summary judgment remains in effect. Upon remand, the Second Circuit's directive was to either: (1) document a sufficient basis for dismissal pursuant to Federal Rule of Civil Procedure 11, or (2) adopt Judge Peebles's alternate recommendation to grant in part and deny in part defendants' motion for summary judgment. See ECF No. 89, at 4-5.

For the following reasons, Judge Peebles's alternate recommendation must be adopted. The Second Circuit noted that the imposition of sanctions under Federal Rule of Civil Procedure 11 is inherently a fact-finding endeavor. ECF No. 89, at 2 (quoting SEC v. Smith, 710 F.3d 87, 97 (2d Cir. 2013)). Specifically, "[w]hether [defendant] made false statements, and whether she did so in bad faith, are questions of fact that will not be disturbed unless clearly erroneous. SEC, 710 F.3d at 97; see also Agiwal v. Mid Island Mortg. Corp., 555 F.3d 298, 302 (2d Cir. 2009). Thus, this standard indicates that deference should afforded to the trial court's finding of fact. Judge Peebles engaged in a remarkably thorough six page discussion of the facts surrounding plaintiff's misrepresentations to the court and an analysis thereof. ECF No. 54, at 11-17.

Indeed, Judge Peebles identified plaintiff's misrepresentation in the current case, and additionally identified instances where plaintiff had made the same misrepresentation

and further instances where plaintiff has "continued to falsely represent to district courts in [the] circuit that he has never filed any actions related to his imprisonment." ECF No. 54, at 14, n. 11.  For example, Judge Peebles rightfully identifies three illustrative examples where plaintiff made false representations to the court, prior to the commencement of this action. ECF No. 54, at 16, n. 13 (finding that "[t]he gamemanship demonstrated by plaintiff's false representation to the court" was not isolated, and even included plaintiff's use of aliases and repeated filings against the same defendants).  Judge Peebles further identified two actions filed in the Northern District after the commencement of the instant action that unequivocally complain of his prison confinement conditions.  See ECF No. 54, at 14.[1]  Notwithstanding Judge Peebles's exacting analysis, the Second Circuit disagreed.

While the Second Circuit found "arguable force to Dolberry's point that he would be unlikely falsely [sic] to deny filing prior cases that could readily be located by checking his name in an electronic database of lawsuits" (ECF No. 89, at 4, n. 1), the indisputable facts of the record support Judge Peebles's finding that plaintiff has a "chronicled history of unabashed misstatements to this and other courts. . ." that both predates and follows the commencement of the instant action.  ECF No. 54, at 15-16.

However, in accordance with the mandate, and rather than proceed with an expensive evidentiary hearing, Judge Peebles's alternate recommendation, which is as well-

---

[1] The Report-Recommendation cited to two actions plaintiff has filed in the Northern District since the commencement of the instant action. ECF No. 54, at 14, n. 11 (Dolberry v. Martin, 13-CV-1539, ECF No. 1, at 2 (N.D.N.Y. Nov. 19, 2013) (maintaining, in his complaint, that he "has filed no other lawsuit dealing with the same facts involved in this action *or otherwise relating to his imprisonment*" (emphasis added)); Dolberry v. Martin, 13-CV-1529, ECF No. 2, at 5 (N.D.N.Y. Nov. 19, 2013) (answering "[n]o" to the question in the verified complaint asking, "Have you ever filed any other lawsuits in any state or federal court relating to your imprisonment?")).

reasoned and supported as the first, is accepted and adopted in all respects after a de novo review.  See 28 U.S.C. § 636(b)(1).

Therefore, it is

ORDERED that

1.  The denial of plaintiff's motion for summary judgment remains in effect;

2.  Defendants' motion for summary judgment is DENIED in part and GRANTED in part;

3.  All causes of action against defendants Silvernail, Gutwein, McDermont and Martuscello are DISMISSED on the merits; and

4.  The only claim remaining is the cause of action for retaliation against defendants Jakob and Saltsman;

The Clerk is directed to serve a copy of this Decision and Order upon plaintiff in accordance with the Local Rules.

IT IS SO ORDERED.

United States District Judge

Dated: January 15, 2016
       Utica, New York