UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

ANDRE DOLBERRY,

                                          9:11-CV-1018
                                          (DNH/DEP)

                Plaintiff,

      -v-

CORRECTION OFFICER JAKOB, et al.,

                Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

APPEARANCES:                                    OF COUNSEL:

ANDRE DOLBERRY, Pro Se
14-A-1111
Franklin Correctional Facility
P.O. Box 10
Malone, NY 12953

HON. ERIC T. SCHNEIDERMAN          DENISE P. BUCKLEY, ESQ.
New York State Attorney General           Ass't Attorney General
Attorney for Defendants
The Capitol
Albany, NY12224

DAVID N. HURD
United States District Judge

## DECISION and ORDER

        Pro se plaintiff Andre Dolberry, who is also sometimes known as Andre Duberry, brought this action pursuant to 42 U.S.C. § 1983. On February 28, 2014, the Honorable David E. Peebles, United States Magistrate Judge, advised by Report-Recommendation that plaintiff's motion for summary judgment be denied, and that plaintiff's complaint in this action be dismissed based upon his material misrepresentation to the court, under oath, that he has

not brought any prior actions relating to his imprisonment.  See ECF No. 54.  Plaintiff timely filed objections to the Report-Recommendation.  See ECF No. 55.  The Report-Recommendation was adopted in all respects.  See ECF No. 56.  Plaintiff timely appealed.  See ECF Nos. 58, 60.

Upon review, the Second Circuit focused solely upon the sua sponte dismissal of plaintiff's complaint pursuant to Federal Rule of Civil Procedure 11, and remanded for further proceedings.  See ECF 89.  Specifically, the Second Circuit's directive was to either: (1) document a sufficient basis for dismissal pursuant to Federal Rule of Civil Procedure 11, or (2) adopt Judge Peebles's alternate recommendation to grant in part and deny in part defendants' motion for summary judgment.  See ECF No. 89, at 4-5.  Accordingly, upon de novo review, Judge Peebles's alternate recommendation to grant in part and deny in part defendants' motion for summary judgment was adopted.  ECF No. 90, at 4.

Thereafter, plaintiff filed an interlocutory appeal to the Second Circuit (ECF No. 91), a motion for reconsideration (ECF No. 92), and a motion to appoint counsel (ECF No. 97).  In his motion for reconsideration, it is readily apparent that plaintiff misunderstood the Decision and Order, as he devotes the entirety of the argument to Federal Rule of Civil Procedure 11.  See ECF No. 92. However, in accordance with the Second Circuit's mandate, this Court eschewed any and all rationale related to the Rule 11 sua sponte dismissal of the complaint, and adopted Judge Peebles's alternate reasoning that thoroughly addressed the substantive issues of the parties' cross motions for summary judgment.  See ECF No. 54, at 18-46 (addressing each claim in turn: procedural due process, cruel and unusual punishment, denial of access to the courts, equal protection, individual claims against defendant Martuscello, retaliation, conspiracy, and qualified immunity).  Nevertheless, in considering

- 2 -

plaintiff's motion, it should be noted that the party moving for reconsideration has a heavy burden. See Flaherty v. Filardi, 2009 U.S. Dist. LEXIS 22641, *26-27 (S.D.N.Y. Mar. 20, 2009). The standard for reconsideration is strict, and "reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp., Inc., 70 F.3d 255, 256-57 (2d Cir. 1995). As plaintiff's arguments focus solely upon Rule 11, which was not a part of the judgment of the Decision and Order, he has utterly failed to meet the standard for reconsideration. Therefore, plaintiff's motion for reconsideration must fail. ECF No. 92.

Finally, plaintiff has made a motion to appoint counsel. ECF No. 98. However, in lieu of his pending appeal to the Second Circuit, this motion is premature and will be denied as such.

Therefore, it is

ORDERED that

1. The judgment of the Decision and Order (ECF No. 90) remains in effect;

2. Plaintiff's motion for reconsideration is **DENIED** (ECF No. 92); and

3. Plaintiff's motion to appoint counsel is **DENIED** (ECF No. 97) as premature with leave to renew at a later date.

The Clerk is directed to serve a copy of this Decision and Order upon plaintiff in accordance with the Local Rules.

IT IS SO ORDERED.

_____
United States District Judge

Dated: March 4, 2016
       Utica, New York