UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

ANDRE DOLBERRY,

                      Plaintiff,

  v.                                                9:11-CV-1018
                                                     (DNH/DEP)

CORRECTION OFFICER JAKOB and
SALTSMAN,

                      Defendants.

---

APPEARANCES:                                  OF COUNSEL:

ANDRE DOLBERRY
14-A-111
Woodbourne Correctional Facility
99 Prison Road
PO Box 1000
Woodbourne, NY 12788

THORN, GERSHON LAW FIRM              KYLE N. KORDICH, ESQ.
Attorneys for Plaintiff
5 Wembley Court
New Karner Road
P.O. Box 15054
Albany, NY 12212-5054

HON. ERIC T. SCHNEIDERMAN           DENISE P. BUCKLEY, ESQ.
New York State Attorney General           MICHAEL G. MCCARTIN, ESQ.
Attorney for Defendants
Litigation Bureau
The Capitol
Albany, New York 12224

DAVID N. HURD
United States District Judge

**DECISION AND ORDER**

## I. INTRODUCTION

Plaintiff Andre Dolberry ("Dolberry" or "plaintiff") has filed a pro se motion for preliminary injunctive relief. Dkt. No. 129. Defendants have not responded to plaintiff's motion. For the reasons stated below, plaintiff's motion is denied.

## II. BACKGROUND

In June 2011, Dolberry commenced this action seeking relief for the alleged violation of his constitutional rights during his incarceration with the New York State Department of Corrections and Community Supervision ("DOCCS").[1] Plaintiff's allegations involved incidents that allegedly occurred from June 2009 through November 2009 at Coxsackie Correctional Facility ("Coxsackie C.F.").

In an Order filed in November 2011, after review of the complaint in accordance with 28 U.S.C. §§ 1915(e) and 1915A, Dolberry's causes of action for the deprivation of procedural due process, denial of equal protection, unlawful retaliation, denial of court access, and cruel and unusual punishment survived sua sponte review and were permitted to proceed against defendants Glenn Saltsman ("Saltsman"), Christopher McDermott ("McDermott"), John Jakob ("Jakob"), Eric Gutwein ("Gutwein"), Correction Officer Silvernail ("Silvernail"), and Superintendent Martuscello ("Martuscello"). Dkt. No. 5; Dkt. No. 54 at 10. Thereafter, defendants filed an answer to the complaint. Dkt. No. 17.

In March 2013, Dolberry filed a motion for summary judgment and, in May 2013, defendants cross-moved for summary judgment. Dkt. Nos. 37, 45.

---

[1] At the time plaintiff filed the complaint, he was not in DOCCS custody. Dkt. No. 1.

In October 2013, Dolberry filed a notice indicating that he was incarcerated at Albany County Correctional Facility ("Albany County C.F.").  Dkt. No. 50.

In March 2014, Dolberry was transferred to Downstate Correctional Facility ("Downstate C.F.").  Docket Report (March 24, 2014).

In a Decision and Order filed March 28, 2014, the Court adopted a Report and Recommendation issued on February 28, 2014 (Dkt. No. 54) denying Dolberry's motion for summary judgment and dismissing plaintiff's complaint based upon his material misrepresentations to the Court, made under oath, that he had not commenced any prior actions related to his imprisonment.  Dkt. No. 56.  At that time, the Court also denied defendants' cross-motion as moot.  *Id*.

In April 2014, Dolberry filed an appeal with the United States Court of Appeals for the Second Circuit ("Second Circuit").  Dkt. No. 58.

In May 2014, Dolberry was transferred to Coxsackie C.F. and then to Clinton Correctional Facility ("Clinton C.F.").  Dkt. Nos. 62, 69.

In August 2015, Dolberry was transferred to Franklin Correctional Facility ("Franklin C.F.").  Dkt. No. 86.

In December 2015, the Second Circuit issued a Mandate remanding the case to the district court for further proceedings.  Dkt. No. 89.

In a Decision and Order filed January 15, 2016, the Court granted defendants' motion for summary judgment, in part, and dismissed all causes of action against Silvernail, Gutwein, McDermott, and Martuscello.  Dkt. No. 90.  However, defendants' motion was denied as to Dolberry's retaliation claims against Jakob and Saltsman.  *Id*. at 4.

On January 29, 2016, Dolberry filed an appeal.  Dkt. No. 91.

On August 18, 2016, the Second Circuit issued a Mandate dismissing the appeal. Dkt. No. 113.

In an Order filed August 22, 2016, the Court granted Dolberry's motion to appoint counsel. Dkt. No. Dkt. No. 115.

On November 22, 2016, the Court noted that Dolberry's recent submissions revealed that he was transferred to Mid-State Correctional Facility ("Mid-State C.F."). Dkt. No. 126.

On November 29, 2016, the Court appointed pro bono trial counsel to represent Dolberry "effective immediately." Dkt. No. 127.

On January 11, 2017, Dolberry filed a motion for injunctive relief related to incidents that occurred at Mid-State C.F. Dkt. No. 129.

On April 10, 2017, Dolberry filed a Notice of Change of Address indicating that he is presently confined at Woodbourne Correctional Facility ("Woodbourne C.F."). Dkt. No. 151.

### III. **MOTION FOR PRELIMINARY INJUNCTION**

#### A. **Legal Standard**

Preliminary injunctive relief "is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Moore v. Consol. Edison Co. of N.Y.*, 409 F.3d 506, 510 (2d Cir. 2005) (quoting *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997)). "The district court has wide discretion in determining whether to grant a preliminary injunction." *Id.* at 511.

To succeed on a motion for preliminary injunctive relief, a plaintiff must demonstrate irreparable harm and either a substantial likelihood of success on the merits of the claim, or sufficiently serious questions going to the merits and a balance of hardships tipping decidedly

in his favor. *Citigroup Global Markets, Inc. V. VCG Special Opportunities Master Fund Ltd.*, 598 F.3d 30, 35 (2d Cir. 2010).

However, when the moving party seeks a "mandatory preliminary injunction that alters the status quo by commanding a positive act," the burden is even higher. *Cacchillo v. Insmed, Inc.*, 638 F.3d 401, 405-06 (2d Cir. 2011). "A mandatory preliminary injunction 'should issue only upon a clear showing that the moving party is entitled to the relief requested, or where extreme or very serious damage will result from a denial of preliminary relief.'" *Id.* (quoting *Citigroup*, 598 F.3d at 35 n.4).

The alleged violation of a constitutional right generally satisfies a plaintiff's burden to demonstrate irreparable harm. *Jolly v. Coughlin*, 76 F.3d 468, 482 (2d Cir. 1996). However, "[i]rreparable harm is injury that is neither remote nor speculative, but actual and imminent and that cannot be remedied by an award of monetary damages." *N.Y. ex rel. Schneiderman v. Actavis PLC*, 787 F.3d 638, 660 (2d Cir.), *cert. dismissed sub nom. Allergan PLC v. N.Y. ex rel. Schneiderman*, 136 S. Ct. 581, 193 L. Ed. 2d 421 (2015) (citation and internal quotation marks omitted).

Furthermore, "[t]o prevail on a motion for preliminary injunctive relief, the moving party must establish a relationship between the injury claimed in the motion and the conduct giving rise to the complaint." *Candelaria v. Baker,* No. 00-CV-0912, 2006 WL 618576, at *3 (W.D.N.Y. Mar. 10, 2006) (citations omitted)*; see also Allen v. Brown*, No. 96-CV-1599 (RSP/GJD), 1998 WL 214418, at *4 (N.D.N.Y. Apr. 28, 1998) (denying request for injunctive relief where allegations in application for such relief were unrelated to claims asserted in the complaint and thus plaintiff "failed to establish either a likelihood of succeeding on the merits

5

of his underlying claim, or sufficiently serious questions going to the merits of such claim and a balance of hardships tipping decidedly toward" the plaintiff).

"In the prison context, a request for injunctive relief must always be viewed with great caution so as not to immerse the federal judiciary in the management of state prisons." *Fisher v. Goord*, 981 F. Supp. 140, 167 (W.D.N.Y. 1997) (citing *Farmer v. Brennan*, 511 U.S. 825, 846-47 (1994)) (other citations omitted).

Here, the injunction sought by Dolberry is mandatory and therefore the "clear and substantial" showing of a likelihood of success standard will be used. In particular, plaintiff's motion asserts that "defendants of Midstate Corr[.] Facility ('John Does')" are interfering with his legal mail and attempts to file grievances, moving him from "house to house" as a form of harassment, and refusing to provide him with an Identification Card. Dkt. No. 129 at 1-2.

Dolberry seeks an order "enjoining the defendants their, successors in office, agents, employees, and all over [sic] persons acting in concert and participation with them from requesting the injunction to cover my legal outgoing mail, C.O.'s harassment of moving me every other week from house to house trying to place me in a dorm of inmates who don't care for me to commence a fight from dorm to dorm, finally intercepting my grievances . . ." Dkt No. 129 at 1-2. At the time plaintiff filed the motion, he was confined at Mid-State C.F."). *Id*. at 5. Plaintiff's motion addresses incidents that occurred while plaintiff was confined at Mid-State. *See generally id*.

## B. Analysis

As discussed *supra*, the defendants remaining in this case are Jakob and Saltsman, corrections officers at Coxsackie C.F. *See* Dkt. No. 1 at 2. Construing Dolberry's motion

6

liberally, plaintiff seeks relief against unidentified corrections officers at Mid-State C.F. *See* Dkt. No. 129 at 1-2.

To the extent that Dolberry seeks injunctive relief against individuals who are not defendants in this action, injunctive relief is available against non-parties only under very limited circumstances, none of which are present here. *See* Fed. R. Civ. P. 65(d)(2); *Doctor's Associates, Inc. v. Reinert & Duree, P.C.*, 191 F.3d 297, 302-03 (2d Cir. 1999); *United States v. Regan*, 858 F.2d 115, 120 (2d Cir. 1988); *see also In re Rationis Enterprises, Inc. of Panama*, 261 F.3d 264, 270 (2d Cir. 2001) ("A court may not grant a final, or even an interlocutory, injunction over a party over whom it does not have personal jurisdiction.").

Even if the court could provide the relief requested, the facts underlying Dolberry's request for injunctive relief are unrelated to the defendants and claims in this action. The facts alleged in the motion for injunctive relief are wholly unrelated to plaintiff's retaliation claims against Jakob and Saltsman at Coxsackie C.F. Thus, plaintiff cannot establish a likelihood of success on the merits of his underlying claim and plaintiff's request for relief is denied. *See Mitchell v. New York State Dep't of Corr. Srvs.*, No. 06-CV-6278, 2011 WL 5326054, at *3 (W.D.N.Y. Nov. 3, 2011) (finding that the facts underlying the request for injunctive relief are essentially unrelated to the underlying facts of the claims in this action, except for the fact that they arise in the prison context).

Moreover, Dolberry's transfer out of Midstate C.F. renders his requests for injunctive relief moot. *See, e.g., Thompson v. Carter*, 284 F.3d 411, 415 (2d Cir. 2002) ("A prisoner's transfer to a different correctional facility generally moots his request for injunctive relief

against employees of the transferor facility.").

Finally, it is noted that the relief requested by Dolberry amounts to little more than an "obey the law" injunction. "Obey the law" injunctions are vague, do not require the defendants to do anything more than that already imposed by law, subject the defendants to contempt rather than statutorily prescribed sanctions, and are not readily capable of enforcement. As such, these injunctions are not favored. *N.L.R.B. v. Express Pub. Co.*, 312 U.S. 426, 435-36 (1941); *see also Rowe v. N.Y. State Div. of Budget*, No. 1:11-CV-1150 (LEK/DRH), 2012 WL 4092856, at *7 (N.D.N.Y. Sept. 17, 2012); *New York v. Shinnecock Indian Nation*, 560 F. Supp. 2d 186, 189 (E.D.N.Y. 2008).

In sum, Dolberry's motion must be denied because he has failed to substantiate any allegations of irreparable harm with evidence in admissible form or to demonstrate, with evidence, a likelihood of success on the merits of his underlying claims, or sufficiently serious questions going to the merits and a balance of hardships tipping decidedly in his favor. *See Ivy Mar Co. v. C.R. Seasons Ltd.*, 907 F. Supp. 547, 561 (E.D.N.Y. 1995) ("[B]are allegations, without more, are insufficient for the issuance of a preliminary injunction."); *Hancock*, 792 F.Supp. at 928 ("Preliminary injunctive relief cannot rest on mere hypotheticals.").

Accordingly, Dolberry's motion for preliminary injunctive relief (Dkt. No. 129) is denied.[2]

---

[2] Before plaintiff filed this motion, the Court appointed pro bono counsel to represent him at trial. Dkt. No. 127. On May 8, 2017, the Court directed plaintiff "to communicate and cooperate with his attorney in the event plaintiff needs to contact the court." Dkt. No. 156.

8

## IV. CONCLUSION

Therefore, it is

ORDERED that

1. Plaintiff's motion for injunctive relief (Dkt. No. 129) is **DENIED**; and

2. The Clerk of the Court shall serve a copy of this Decision and Order on plaintiff in accordance with the Local Rules.

IT IS SO ORDERED.

Dated: May 15, 2017
      Utica, New York.

                                              United States District Judge