UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
ANDRE DOLBERRY;

               Plaintiff,

   -v-                                                9:11-CV-1018
                                                         (DNH/DEP)

CORRECTION OFFICER JAKOB,
CORRECTION OFFICER SALTSMAN;

               Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

APPEARANCES:                                      OF COUNSEL:

THORN, GERSHON LAW FIRM - ALBANY OFFICE   KYLE N. KORDICH, ESQ.
Attorney for Plaintiff
5 Wembley Court, New Karner Road
P.O. Box 15054
Albany, New York 12212

ANDRE DOLBERRY,
*Pro se* plaintiff
325 Washington Avenue
Albany, New York 12202

HON. LETITIA JAMES                           DENISE P. BUCKLEY, ESQ.
Attorney General for the State of New York       MICHAEL G. MCCARTIN, ESQ.
Attorneys for Defendants                         Ass't Attorney General
The Capitol
Albany, New York 12224

DAVID N. HURD
United States District Judge

## DECISION and ORDER

## I.    INTRODUCTION

Plaintiff Andre Dolberry ("Dolberry") brought this action against defendants, each a corrections officer at Coxsackie Correctional Facility at the relevant times, pursuant to 42 U.S.C. § 1983, alleging each defendant took retaliatory actions against him for exercising his rights pursuant to the First Amendment. After a two day trial, the jury rendered a verdict in favor of

defendants on March 14, 2018. Judgment was entered in favor of defendants on March 15, 2018. Presently under consideration are numerous motions filed by plaintiff after trial, including a motion for a new trial pursuant to Federal Rule of Civil Procedure 59 and a motion for judgment as a matter of law pursuant to Federal Rule of Civil Procedure 50. See ECF Nos. 194 & 195. Additionally, defendants have filed a motion for a bill of costs. See ECF No. 201.

## II. BACKGROUND.

The Court presumes familiarity with the procedural and factual background of this case, and recites portions of the background only where necessary to decide the pending motions.

## III. LEGAL STANDARDS.

(i) *New Trial Motion*.

Pursuant to Rule 59(a) of the Federal Rules of Civil Procedure, a district court may grant a new trial "after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court." In this Circuit, in order to grant a motion for a new trial under Rule 59(a), a court "must conclude that the jury has reached a seriously erroneous result or ... the verdict is a miscarriage of justice, i.e., it must view the jury's verdict as against the weight of the evidence." Manley v. AmBase Corp., 337 F.3d 237, 245 (2d Cir. 2003). "[A] new trial under Rule 59(a) may be granted even if there is substantial evidence supporting the jury's verdict, and ... a trial judge is free to weigh the evidence himself, and need not view it in the light most favorable to the verdict winner." Id. at 244–45. The task before the court is to balance "respect [for] the jury's findings ... with avoidance of miscarriage of justice and" the court may only grant a new trial if, after viewing all the evidence, it has "a definite and firm conviction that a mistake has been committed." Cunningham v. Town of Ellicott, 2007 WL 1756502, at *4 (W.D.N.Y. June 18, 2007).

(ii) *Motion for Judgment as a Matter of Law*.

"A Rule 50 motion may be granted only when, considering the evidence in the light most favorable to the non-moving party and drawing all reasonable evidentiary inferences in that party's favor, there was no legally sufficient evidentiary basis for a reasonable jury to find in favor of the non-moving party." Nimely v. City of New York, 414 F.3d 381, 390 (2d Cir. 2005). The moving party thus bears a heavy burden, especially where, as here, "the jury has deliberated in the case and actually returned its verdict in favor of the non-movant." Cash v. City of Erie, 654 F.3d 324, 333 (2d Cir. 2011). A jury verdict should not be set aside lightly, and only where there is "such a complete absence of evidence supporting the verdict that the jury's findings could only have been the result of sheer surmise and conjecture, or there is such an overwhelming amount of evidence in favor of the movant that reasonable and fair minded men could not arrive at a verdict against him." AMW Materials Testing, Inc. v. Town of Babylon, 584 F.3d 436, 456 (2d Cir. 2009).

As plaintiff did not make the prerequisite pre-verdict motion for judgment as a matter of law pursuant to Federal Rule of Civil Procedure 50(a), this post-trial motion may still be "granted by a district court where doing so is necessary to prevent manifest injustice." Henry v. Dinelle, 929 F. Supp. 2d 107, 113-114 (N.D.N.Y. 2013) (D.J. Suddaby).

IV. **DISCUSSION**.

(i) *Motion for a New Trial*.

Dolberry seeks a new trial based upon alleged deficiencies in the trial conducted in March 2018.

(a) *Bias in Jury Selection*.

Dolberry argues that the jury selection process was biased in that the jury did not include

any African Americans or individuals of Latino or Asian decent. See ECF No. 194 at 3.

Nothing in the record indicates that the jury which heard the case did not reflect a "a fair cross section of the community." Holland v. Illinois, 493 U.S. 474, 479 (1990) (citing Taylor v. Louisiana, 419 U.S. 522, 526 (1975)). Plaintiff is "obligated to point to something - i.e. the manner in which the jury panel was assembled or the peremptory challenges were exercised - suggesting racial bias in the jury selection process." Williams v. City of Newburgh, 830 F. Supp. 770, 772 (S.D.N.Y. 1990). "Without this evidence, the motion for a new trial on the ground that the trial was unfair because of racial composition of the jury pool or trial jury must be denied." Dedjoe v. Esper, 2019 WL 697821, at *5 (N.D.N.Y. Feb. 19, 2019) (S.J. McAvoy) (citing Espaillat v. Cont'l Express, Inc., 33 F.App'x 567, 569 (2d Cir. 2002)) ("[Plaintiff's] arguments that the jury selection excluded Hispanic jurors are neither supported by the evidence nor sufficiently particularized or proven to require a new trial.").

Dolberry's assertion that there must be something nefarious occurring since Syracuse and Utica have large minority population, yet the jury did not have any minority members, is insufficient to demonstrate bias in jury selection or warrant a new trial.

*(b) Observations of Juror.*

Dolberry further asserts that a juror observed him being transported into the courthouse in shackles.

There is no evidence that either counsel was made aware that a juror had allegedly seen Dolberry in restraints during the trial. Even if a juror briefly saw Dolberry in restraints as he was being transported in the courthouse, which is the most that plaintiff's motion suggests happened, any such glimpse would have been harmless. "Where an extraneous influence is shown, the court must apply an objective test, assessing for itself the likelihood that the influence would

affect a typical juror." United States v. Greer, 285 F.3d 158, 173 (2d Cir. 2002). Courts have "distinguished the inherent prejudice to a [prisoner] who is shackled while in the courtroom from a [prisoner] who has been observed in shackles for a brief period elsewhere in the courtroom." United States v. Moreno, 933 F2d 362, 368 (6th Cir. 1991). "In the absence of a showing of prejudice . . . a fleeting glance by jurors of a [prisoner] outside the courtroom in handcuffs does not justify a new trial." United States v. Ayres, 725 F.2d 806, 813 (1st Cir. 1984).

A typical juror would not have been influenced by glimpsing Dolberry in restraints. The jurors were aware that plaintiff was incarcerated at the time of the alleged retaliation by defendants and at the time of trial. Further, plaintiff was not shackled while in the courtroom and appeared in court in business attire. Lastly, the jurors were instructed in both the preliminary and final instructions that the fact that plaintiff "was a prisoner has absolutely no bearing on his constitutional right to be free from retaliation of his right to recover damages if [the jurors] find, based on the evidence in this trial, that his constitutional rights have been violated." See Jury Instructions, at 10.

(c) *Missing Belongings*.

Dolberry next asserts that his legal documents and clothing were lost or stolen on the eve of trial, depriving him of his ability to be properly prepare for trial.

While Dolberry is not raising the alleged theft of his belongings as a cause of action but rather that it affected this case and warrants a new trial, it is helpful to look at existing case law concerning deprivation of legal documents and court access. To state a claim for denial-of-access to the courts, a prisoner must demonstrate actual prejudice to pending or contemplated litigation. See Lewis v. Casey, 518 U.S. 343, 351 (1996). "[A] claim that prison practices kept a prisoner from raising an argument or asserting a claim in his pleadings in response to a

dispositive motion, or at trial would likely suffice to show harm; however, a claim that the prisoner could have made a more compelling or sophisticated argument would not." Arce v. Walker, 58 F. Supp. 2d 39, 43 (W.D.N.Y. 1999).

Court security provided Dolberry business attire to wear during the trial. Further, plaintiff's counsel had available all relevant legal documents pertaining to this case and defendant could have, and presumably did, review such documents during the duration of the trial. Plaintiff does not identify any particular legal documents that he did not have access to or demonstrate that the failure to have access to his copies prejudiced or harmed his case in any way. As a result, he is not entitled to a new trial on this ground.

*(d) Plaintiff's Prior Convictions.*

Dolberry further objects to the fact that defendants' counsel gave "suggestive instructions" during their closing argument. It appears that this objection relates to the fact that defendants' counsel raised plaintiff's criminal history during closing arguments.

Pursuant to Federal Rule of Evidence 609(a)(1), "for the purposes of attacking the character for truthfulness of a witness, evidence that a witness other than an accused has been convicted of a crime shall be admitted, subject to Rule 403, if the crime was punishable by death or imprisonment in excess of one year . . ." See FED. R. EVID. 609(a)(1). Prior to trial, the parties stipulated that the specifics of Dolberry's criminal background, including the specifics of his arrests and convictions and the length of his incarceration, were inadmissible. See Stipulation, ECF No. 192 at ¶ 4. Consistent with the Federal Rules of Evidence, the Court instructed the jury that plaintiff's "criminal history was allowed into evidence only for [the jury] to consider in evaluating his credibility" and that the jury "may consider the fact that [plaintiff] is a convicted felon in deciding how much of his testimony to accept and what weight, if any, it should be

given." See Jury Instructions, at 10. The fact that defendants' counsel referred to plaintiff's status as a convicted felon in closing arguments did not run afoul of the Federal Rules of Evidence or the parties' stipulation and does not warrant a new trial.

Lastly, no other arguments or grounds raised by Dolberry in his motion are adequate to warrant a new trial pursuant to Federal Rule of Civil Procedure 59. As such, his motion for a new trial will be denied in its entirety.

### (ii) *Motion for Judgment as a Matter of Law*.

Dolberry further argues that he is entitled to judgment as a matter of law. In his motion, he alleges that there were numerous inconsistencies and deficiencies in the case presented by the defendants and in the testimony of defendants Jakob and Saltsman. Therefore, plaintiff argues that no reasonable jury could have found for the defendants.

However, there was sufficient evidence for the jury to conclude that defendants issued misbehavior reports to Dolberry for justified reasons and not in retaliation for any complaints or grievances filed by plaintiff. Contrary to plaintiff's assertion, the verdict in this case turned principally on witness credibility, an evaluation of which is properly left to the jury. Plaintiff testified with regards to his version of the events of July to October 2009, including the circumstances precipitating the issuance of the misbehavior reports written by defendants Jakob and Saltsman. Further, the jury heard testimony of both of the defendants and plaintiff had the opportunity to cross examine them both with regards to the alleged inconsistencies and deficiencies in their testimony, in hopes of impugning their credibility. As the testimony of Dolberry and the defendants was materially different with regards to the motives behind the issuance of the misbehavior reports to plaintiff, clear issues of fact were created for the jury's consideration. The jury was free to make credibility determinations and accept or reject the

testimony of both plaintiff and defendants' witnesses. The jury did just that and their verdict is supported by sufficient evidence. As a result, the jury's verdict was neither erroneous nor a miscarriage of justice. Therefore, plaintiff's motion for judgment as a matter of law pursuant to Federal Rule of Civil Procedure 50(b) will be denied.

*(iii)* <u>Motion for Discrimination in Selection of Jury Array</u>.

Dolberry also filed a "motion for discrimination in selection of jury array", which reiterates the same bias in jury selection argument he raised in his motion for a new trial. <u>See</u> ECF No. 196. For the same reasons previously discussed, this motion will also be denied.

*(iv)* <u>Motion for Bill of Costs</u>.

Defendants have moved for a bill of costs in the amount of $1,767.94.

Under the Prison Litigation Reform Act, courts have the authority to assess costs against an indigent prisoner. <u>See</u> 28 U.S.C. § 1915(f)(2)(A) & (B). This authority lies at the discretion of the trial. <u>See</u> 28 U.S.C. § 1915(f)(2)(A) ("If the judgment against a prisoner includes the payment of costs under this subsection, the prisoner shall be required to pay the full amount of the costs ordered."); <u>see also</u> <u>Keesh v. Smith</u>, 2008 WL 2242622, at *3 (N.D.N.Y. May 29, 2008) (C.J. Mordue) ("[D]istrict courts retain discretion to limit or deny costs based on indigency."). "[T]he discretionary imposition of costs should be informed by any factor the court deems relevant, including the purpose of the *in forma pauperis* statute, the history of the party as litigator, good faith and the actual dollars involved." <u>Feliciano v. Selsky</u>, 205 F.3d 568, 572 (2d Cir. 2000) (internal quotation omitted). "Unless there is a specific direction by the court for the payment of costs by a prisoner proceeding *in forma pauperis*, no costs may be taxed by the prevailing party." <u>Id</u>.

The Judgment entered in favor of the defendants did not direct Dolberry to provide for the

payment of costs and the substantive and procedural history of this case does not support the imposition of costs against plaintiff. Therefore, defendants' motion for bill of costs will be denied.

**IV.     CONCLUSION**.

Dolberry has not demonstrated entitlement to relief concerning any of his post-trial motions. Additionally, defendants have not demonstrated entitlement to a bill of costs.

Therefore, it is

ORDERED that

1. Plaintiff's motion for new trial (ECF No. 194) is **DENIED**;

2. Plaintiff's motion for judgment as a matter of law (ECF No. 195) is **DENIED**;

3. Plaintiff's motion for discrimination in selection of jury array (ECF No. 196) is **DENIED**;

4. Defendants' motion for bill of costs (ECF No. 201) is **DENIED**; and

5. The Clerk serve a copy of this Decision and Order upon plaintiff in accordance with the Local Rules and close the file.

IT IS SO ORDERED.

_____
United States District Judge

Dated: March 28, 2019
     Utica, New York.